## American Radiator Company et al., Appellees, v. Jacob L. Kesner, Appellant.

### Gen. No. 17,495.

MECHANICS' LIENS—*when decree is sustained.* In an action by a subcontractor to enforce a mechanic's lien where defendant, the owner, claims that on account of delay by the contractor he is entitled to charge a sum for liquidated damages against the balance unpaid on the contract, there being evidence that the delay was caused by other contractors, the decree in favor of complainant is sustained.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed June 30, 1913.

THOMAS W. REILLY, for appellant.

CHARLES H. RIPLEY, GEORGE H. SIMPSON and J. S. DUDLEY, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellant entered into a contract with the John A. Wickum Company to install a steam heating plant in a building to be erected by the appellant at 375-381 Fifth avenue, Chicago. It is admitted by the appellant

American Radiator Co. v. Kesner, 181 Ill. App. 482.

that the amount of the said contract with extras furnished thereunder was $7,457.80, of which $3,500 has been paid, leaving a balance unpaid thereon of $3,957.80. The appellees, American Radiator Company and Kellogg Mackay-Cameron Company, were subcontractors, and under their contracts with the Wickum Company had furnished material to the said Company used in the installation of the said heating plant in the appellant's said building, for which there was due and unpaid the Radiator Company $1,754.75 and the Kellogg Company $1,800. To enforce a mechanic's lien for the said respective sums the Radiator Company filed a bill and the Kellogg Company intervened. It is admitted by the appellant that the material was furnished and used as averred and that the amounts claimed to be unpaid thereon are correct; also that the necessary steps to establish liens were taken..

The defense interposed was that in the contract between the appellant and the Wickum Company it was agreed by the said Company that the said work would be completed on or before November 10, 1907; that the work thereunder was not completed until March 1, 1908; that the appellant was by reason of the said delay compelled to expend certain sums in resetting a pump and motor and putting in salamanders to be used to dry the plastering; also forced to make certain concessions to tenants; that the said sums the appellant was entitled to charge against the Wickum Company amounted in the aggregate to more than $5,000, and left no balance in his hands subject to the claims of the appellees. The contract contained the following provision:

"If the said work shall be delayed by frost or inclement weather, or causes not under control of the said party of the second part, or in case of combination or strikes of workmen, causing delay to said party of the second part, or in case alterations or additions

requiring additional time shall have been executed as aforesaid, or in case delay be caused to said party of the second part by other contractors upon said building, provided written notice is given to said architects at the time of such delay, a fair allowance for the same, as determined by said architect, shall be added to the time stipulated for the completion of said work. In order to secure the completion of the work at the time and in the manner specified, it is hereby declared and set forth that the damages arising from the nonfulfillment of this contract shall be fifty and no /100 ($50.00) dollars per day for each and every day the work remains undone after the above date, which sum of damages shall be deducted from the contract price as liquidated damages."

It was conceded that the said work to be performed by the Wickum Company was not completed until sometime in February, 1908, and as stated by counsel for the appellant in his brief: "The principal question to be determined is, was the delay which is admitted by the appellees due to the contractor, the John A. Wickum Company, or was the said John A. Wickum Company delayed by other contractors?" On this question the record is voluminous. The abstract thereof is justly subject to the criticism made by the appellees. On the question in issue the master found, quoting from the abstract:

"That the evidence shows that it was impossible for the work to have been done November 10, 1907; that the owner must be considered as having waived his right to have the work done by that date; that the building was only partially completed; that there had been a delay in wrecking the original building; also, in the delivery of the structural iron work; that the mason contractors were to have completed their work by October 31, 1907, but did not finish until the middle of January, and allowed $650 for delay; that the plumbers contracted to finish by November 10, 1907, but did not finish until the early part of January, and allowed $100 for delay; that the ornamental iron con-

tractors allowed $250 for delays; that the plasterers allowed $100 for delay; that the roofing company should have finished by October 28, 1907, but did not get through until the latter part of November, 1907; that the carpenters were behind in their work, due partly to the delay of the mason contractor; that the evidence as to the floor and plastering showed that there should be delay in installing the steam plant; that defendant Kesner made a lease of the building to Daube, Cohn & Company, and they began to move in after Christmas, 1907; that at the time there were men working all through the building; that some doors were not finished; windows were not all in; some floors were not laid; plastering was not all done, nor all the stairs in; that Kesner, the landlord, allowed the tenant $400 a year, and other sums amounting to about $5,000; that Kesner says he allowed this, 'Not having steam heat and the building in shape.'

"The master finds, in conclusion, that there is no liability on the part of the contractor for the delay in connection with the completion of its contract, and that the defendant Kesner is liable for the balance due under the contract; denies the defendant's claim to any set-off on account of re-setting the pump and motor, setting hot water heater and surge tank, providing temporary heat and for electric wiring."

The master also found, not abstracted: "The evidence shows that the first car of radiators was delivered there December 13 or 15, 1907, and that as it could not be taken into the building, owing to its incompleteness, it was piled up along the walk in front of a neighboring piece of property." The master recommended a decree be entered as prayed for in the bill and the intervening petition. The chancellor, after overruling the exceptions to the master's report, entered a decree as therein recommended.

After a careful study of the evidence we have concluded that this court would not be warranted in holding that the finding on the essential and material fact in the case as indicated is clearly and manifestly

486        APPELLATE COURTS OF ILLINOIS.

C. A. Stickney Co. v. Sears, Roebuck & Co., 181 Ill. App. 486.

against the weight of the evidence. With this view of the case the questions of law presented and argued require no discussion.

The decree is affirmed.

*Affirmed.*